THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR535 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WYDELL DIXON, | ) | |
| | ) | (Resolves Doc. 17) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Wydell Dixon's motion to suppress (Doc. 17). The Government has opposed the amended motion to suppress, and the Court conducted an evidentiary hearing on March 1, 2021. Upon review, the motion is DENIED.

Dixon's motion presents two straightforward issues. First, Dixon challenges his initial seizure by law enforcement. The Court finds no merit in Dixon's argument.

While on patrol on Fullerton Avenue, officers observed a male sitting in a parked car with the door open near 6918 Fullerton Avenue. At that time, officers observed what they believed to be a bag of marijuana in the male's lap. When officers stopped to investigate, the male in the vehicle grabbed a backpack and ran into the residence. As officers pursued the suspect, they ran past Dixon in the driveway. As the officers neared Dixon, he put his hands up over his head and threw a dark object into the air. Seconds after Dixon threw the object, officers heard the sound of metal hitting the pavement. Dixon was detained immediately and within minutes officers found a loaded firearm near where Dixon threw the object.

Dixon was then Mirandized. According to Officer Willie Thomas, Dixon verbally responded that he understood his *Miranda* rights. When asked about the firearm, Dixon

remained silent. However, according to Officer Thomas, when he inquired about the firearm, Dixon "kind of gave me a head nod."

Initially, the Court notes that officers had probable cause to arrest to Dixon. The Sixth Circuit has held as follows under similar facts: "The district court properly concluded that at the point when Officer Massey observed Nelson throw what Massey thought was a gun into the bushes, he had probable cause to arrest Nelson." *United States v. Nelson*, 725 F.3d 615, 622 (6th Cir. 2013), *as clarified on denial of reh'g* (Jan. 16, 2014). Given that 1) the officers were patrolling the area around Fullerton Avenue for drug, gun, and gang issues, 2) the officers observed Dixon discard *something* immediately as they approached him, and 3) the officers heard the sound of metal striking pavement immediately after Dixon's throwing motions, the officers had more than sufficient facts to have probable cause to arrest Dixon.

Dixon's alleged non-verbal response to Officer Thomas came after he was given his *Miranda* rights. As such, the response cannot be said to have been obtained in violation of the Fourth Amendment. However, the Court will reserve ruling on whether Dixon "kind of giving a head nod" is ultimately admissible at trial. There remain questions about the ambiguous nature of Dixon's response, and the Court also received no clarity on the precise question or questions that were posed to Dixon to elicit his non-verbal response. Accordingly, it is unclear at this time whether his response would be excluded under the normal rules of evidence. In any event, there is no constitutional basis to suppress the statement.

Dixon's motion to suppress is DENIED.

IT IS SO ORDERED.

October 5, 2021  /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT