UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-cr-00535 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| WYDELL S. DIXON, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Docs. 84, 85, 86) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 84) (the "Motion") filed by Defendant Wydell Dixon ("Dixon"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 85) and Dixon filed an additional reply (Doc. 86).

For the reasons stated below, the Motion is DENIED.

I.  BACKGROUND

A federal grand jury charged Dixon with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1. A jury found Dixon guilty. Doc. 55.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). The PSI indicated Dixon had a total offense level of 26 and a criminal history category of IV, therefore the advisory guideline range was 92–115 months. PSI at p. 14, ¶ 66. The Court ultimately sentenced Dixon to a term of 100 months' imprisonment. Doc. 67.

1

After Dixon's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 78–97 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Dixon asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 78–97 months as opposed to the 92–115 months that applied at the time of sentencing. Doc. 84 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Dixon's total criminal history points were seven (7). Five (5) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a), (c). PSI at pp. 6–8, ¶¶ 29–34. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offense was committed while Dixon was on supervision for state charges of aggravated robbery with a firearm specification and felonious assault. PSI at pp. 7–8, ¶ 34. Dixon now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offense taking place while he was on supervision, therefore his total criminal history points would

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

be five (5) under the new calculation. Doc. 84 at p. 3.  The Court finds that Amendment 821 affects Dixon's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Dixon's case.  *See Jones*, 980 F.3d at 1107.  This is due to Dixon's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). While Dixon does not have an extremely lengthy criminal history, he has spent the majority of his adult life in custody or otherwise involved in the criminal justice system, which shows he has yet to be deterred from illegal activity, specifically related to firearms. He was first convicted at 18 years old for trafficking. PSI at p. 6, ¶ 29. That same year, Dixon was charged with illegally carrying a concealed weapon. PSI at p. 6, ¶ 31. Then, only nine months later, he was charged with aggravated robbery with a firearm specification, felonious assault, and having weapons while under disability. PSI at p. 7, ¶ 34. Dixon then spent four years in prison and was on supervision when the underlying offense occurred. *Id.* Dixon's criminal history and pattern of recidivism paired with the underlying conduct in this case show a pattern of behavior indicating he lacks respect for the law. At the time of sentencing, the Court considered Dixon's offenses, criminal history, and characteristics, and determined that a 100-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Dixon for his commitment to rehabilitation and the personal improvements he has made through education, treatment, and good conduct while incarcerated. Docs. 84-1, 84-2. However, given the facts and after consideration of the § 3553(a)

4

factors, the Court finds a reduction to Dixon's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 84) is DENIED.

Date: September 5, 2025  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE